IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-163-F

| | |
|---|---|
| KESHA COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| LONDON METROPOLITAN POLICE | ) |
| SERVICE (UNITED KINGDOM), | ) |
| | ) |
| Defendant. | ) |

This pro se case, brought *in forma pauperis*, is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The case was referred to the undersigned Magistrate Judge for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that plaintiff's motion to proceed *in forma pauperis* be allowed, but that her complaint be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff brought this suit pursuant to the court's federal question jurisdiction under 28 U.S.C. § 1331 against the London Metropolitan Police Service (United Kingdom) ("London Police" or "defendant"). In her complaint [DE #1-2], plaintiff purports to assert civil rights claims against defendant, but it is unclear which of her rights she alleges have been violated. (Compl., pp. 2-3).

The complaint alleges that during the period 1999 to 2007 plaintiff was falsely arrested by the London Police and accused of criminal conduct, which is not identified. (*Id.*, p. 2). The London Police purportedly harassed and slandered plaintiff, impeded her defending herself, and otherwise repeatedly violated her civil rights. (*Id.*). Plaintiff claims specifically that the London Police brought false charges against her in October 1999 and April 2003. (*Id.*). Although plaintiff states she was

found not guilty by the magistrate's court and complaints against officers involved have been upheld, the charges still appear on her criminal record as pending. (*Id.* 2, 3). As a result, plaintiff claims she lost employment and was been denied future employment. (*Id.*, pp. 2-3). Plaintiff seeks the following relief: "exsponging [sic] of all outstanding information held on police file and record. Financial compensation in excess of a million dollar [and] complete exoneration of the entire matter." (*Id.*, p. 3).

## II. DISCUSSION

### A.   Standard of Review

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i); *see Denton v. Hernandez,* 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because it seems unlikely to have occurred. *Denton,* 504 U.S. at 33.

Although a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton,* 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor. *Denton,* 504

2

U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Failure to state a claim upon which relief may be granted is, of course, the same standard set forth in Fed. R. Civ. P. 12(b)(6) and the court will therefore look to cases decided under that rule for the appropriate review standard. A complaint should be dismissed for failure to state a claim only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Rule 12(b)(6)). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir.), *cert. denied*, 126 S. Ct. 647 (2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3rd at 244. Civil rights complaints, particularly those filed by pro se plaintiffs, are entitled to even greater latitude. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (when a dismissal involves a civil rights complaint, "'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" (*quoting Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

## B.    Plaintiff's Alleged Cause of Action

Plaintiff states in her complaint that her civil rights have been violated. It appears that plaintiff is attempting to bring an action under 42 U.S.C. § 1983 ("§ 1983"). However, the laws of

3

the United States do not generally apply to the actions of foreign officials that occur in foreign countries. *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949) (Congressional legislation "is meant to apply only within the territorial jurisdiction of the United States," unless Congress demonstrates a different intent); *French v. Liebmann (In re French)*, 440 F.3d 145, 149 (4th Cir. 2006) ("this presumption against extraterritoriality [applies] when a party seeks to enforce a statute beyond the territorial boundaries of the United States," and not when the conduct complained of occurs mainly within the United States) (internal citations omitted).

A plain reading of § 1983 reveals Congress's intent that it apply only to actions associated with jurisdictions within the United States or its territories. The statute reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (emphasis added).

Here, the alleged wrongdoer is the police department of a foreign city and its misconduct allegedly took place in or around that city. There is no express allegation or facts from which it could reasonably be inferred that defendant was acting under color of any jurisdiction within the United States or its territories. Thus, the alleged actions by the London Police are not subject to § 1983. Accordingly, plaintiff has failed to state a claim for which any relief can be granted and her complaint should be dismissed.

4

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that her complaint be DISMISSED in its entirety for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 16th day of May, 2007.

James E. Gates
United States Magistrate Judge